THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, HÉCTOR RUIZ SOMOHANO, JUDGE, Respondent; JUAN GÉIGEL BLONDET, Intervener.

No. C-64-83.      Decided June 25, 1965.

*J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for petitioner. *Francisco A. Gil, Jr.,* and *Gilberto Gierbolini* for intervener.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On June 14, 1963 a complaint was filed in the District Court of Puerto Rico, San Juan Part, against Mr. Juan Géigel Blondet for violation of § II of Chapter V of Act No. 141 of July 20, 1960, known as the Vehicle and Traffic Law of Puerto Rico. The case having been heard in said court on August 23, 1963, judgment was rendered against Géigel Blondet, ordering him to pay a one-hundred-dollar fine or to serve ninety days in jail. That same day the fine was paid and on August 27, 1963 an appeal was taken from the judgment to the Superior Court of Puerto Rico, San Juan Part. The prosecuting attorney of the Superior Court of Puerto Rico, San Juan Part, Mr. Zoilo Dueño González, filed a motion to dismiss in the said court alleging that the fine had been paid and that the court lacked jurisdiction to act after payment of the fine imposed.

The motion to dismiss was denied and reconsideration having been requested, the respondent court also denied the reconsideration on the following ground: "Although it is true that American jurisdictions hold the majority rule to the effect that the right of appeal is waived when a fine is paid, we believe that this rule should not be absolute or inflexible. Before making a determination on that particular the appellate court should have the essential elements of judgment in order to examine the voluntariness or involuntariness of the payment of said fine so as to adopt then a fair and reasonable rule, intended to do justice pursuant to the facts of the case." At the request of the Solicitor General of Puerto Rico we issued a writ of certiorari to review the order denying the reconsideration.

There is no doubt that since our decision in *People* v. *Ruiz*, 42 P.R.R. 280, 281 (Aldrey) (1931), it has been established in Puerto Rico that "the existence of an actual controversy is an essential requisite to appellate jurisdiction, and that in the absence of such a controversy an appeal from a judgment will be dismissed," and thus, "where a defendant pays the fine to which he has been sentenced he waives his right of appeal." Intervener's counsel argues that our opinion in the case of *Ruiz* rendered in the year 1931 should be conformed to the new criteria, still of the minority, adopted by the North American case law, in the sense of permitting the appeal after the fine has been paid.

The difficulty we see is that the rule established in the *Ruiz* case is not exactly a jurisprudential rule, but rather semi-jurisprudential and semi-legislative because by virtue thereof we examine, besides the absence of a judicial controversy since the sentence has been complied with, the only jurisprudential pronouncement contained in the judgment, the provision of § 329 of our previous Code of Criminal Procedure establishing that "If the judgment is for imprisonment, or a fine, and imprisonment until it be paid, the de-

.fendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with" and the provision of § 374, as amended up to that date by Act No. 12 1/2 of April 27, 1921 which provided: "Upon conviction of an accused for an offense not punishable by life imprisonment it shall be the duty of the Court to fix bail should the accused appeal to such higher court as may be proper." The subsequent amendment of § 374 of the Code of Criminal Procedure of Puerto Rico, by virtue of Act No. 61 of April 20, 1949, only limits the right to bail, as a matter of right, when appeal is taken from a sentence imposing fine or imposing imprisonment in jail in misdemeanors. On such a recent date as that of the adoption of the new Rules of Criminal Procedure of 1963, the same principle was followed of automatic imprisonment for failure to pay the fine imposed unless an appeal is filed and bail furnished, as that which prevailed when the case of *Ruiz* was decided. Rule 172 provides that: "Whenever in any court sentence is pronounced adjudging that the defendant pay a fine, and such fine is not immediately paid, the defendant shall be imprisoned for such nonpayment for the term of one day for each dollar left unpaid and this alternative imprisonment shall not exceed ninety days"; Rule 177 provides: "If the judgment is for imprisonment, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with. The same procedure is to be followed when the judgment is for a fine and alternative imprisonment if the fine is not paid. If after he has started to serve the alternative imprisonment for failure to pay the fine, the prisoner wants to pay it, he shall be credited a dollar for each day of imprisonment which he may have served for such failure to pay"; Rule 198 provides: "Where a defendant is convicted of an offense not entailing life imprisonment, if an appeal or certiorari is filed by the defendant to the Supreme Court,

he shall be admitted to bail: (a) As a matter of right, when appeal is taken from a sentence imposing fine only. (b) As a matter of right, when appeal is taken from a sentence imposing imprisonment in jail in misdemeanors. (c) In the discretion of the trial judge, or of the Supreme Court, or of one of the associated justices thereof, in all other cases. No bail shall be admitted in these latter cases, when the appeal fails to raise a substantial issue, or when the nature of the offense or character and penal background of the defendant make it advisable, in the judgment of the court and for the protection of society, that the convict be confined pending hearing of the appeal. No bail shall be admitted in these cases without first giving the prosecuting attorney of the proper court an opportunity to be heard. Except in real emergency cases or when it is deemed to be impracticable, the petition for bail shall be first filed in the lower court and if the latter denies it, it may be filed in the Supreme Court or with one of its associate justices, accompanied with certified copies of the petition filed in the lower court and of its judgment, as well as the transcript of the evidence, if any, and a brief statement giving the reasons why he considers the judgment to be erroneous."

We do not believe that the mere payment of a fine can set aside the provisions of Rules Nos. 172 and 177 ordering the immediate imprisonment unless a bail is furnished on appeal, after the trial judge himself or another judge of the trial court has determined the amount of the bail to be furnished on appeal, in accordance with the peculiar circumstances of each case, as authorized by Rule No. 198. Any obnubilation of the judicial authority on this point could render groundless the legislative rule which sanctions the granting of bail as a matter of right, in all the cases where the sentence is a fine.

The order of September 17, 1964 of the Superior Court of Puerto Rico, San Juan Part, will be reversed and another

rendered ordering the dismissal requested by the Solicitor General of Puerto Rico.